# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| POCONO MOUNTAIN LAKE | : | 5-22-00481-MJC |
| FOREST COMMUNITY ASSOCIATION, INC. | : | |
| | : | |
| DEBTOR(S) | : | CHAPTER 11 |

## REPORT PURSUANT TO 11 U.S.C. § 1188(c)

**AND NOW COMES**, Pocono Mountain Lake Forest Community Association, Inc. ("Debtor-In-Possession"), by and through its attorney John J. Martin and files this Report Pursuant to 11 U.S.C. § 1188(c) as follows:

I. PRE-PETITION HISTORY OF DEBTOR

The Debtor-In-Possession is A Pennsylvania Not For Profit property owners association located in Pike County, Pennsylvania. The Debtor-In-Possession has been in existence for nearly fifty (50) years. The development is comprised of over 600 homes and vacant lots. The affairs of the Debtor-In-Possession are managed by an elected volunteer board of directors comprised of owners of property within the development. Prior to filing the bankruptcy case, there had been several years of state court litigation regarding the duly elected Board of Directors. This litigation took place in the Court of Common Pleas of Pike County, Pennsylvania and was concluded in January 2022, with Attorney Eric Hamill appointed by the state court to oversee the election of a new board of directors.

During the several years of state court litigation between competing boards, property owners were not billed for the annual dues and assessments which created a situation where the Association lacked the funds to pay creditors for services provided to the Association, such as snowplowing, road repair, pool maintenance, etc. The Debtor-In-Possession was the defendant

in several state court proceedings brought by alleged pre-petition creditors. In addition, the Debtor-In-Possession was delinquent in its obligations to its only secured creditor The Dime Bank and was subject to various confession of judgment actions brought by the bank against the Debtor-In-Possession. In addition, the prior board of directors failed to file the required tax returns with the Internal Revenue Service and the Pennsylvania Department of Revenue.

In addition to current year and previous year's (unbilled) dues and assessments, the debtor is the owner of approximately 200 vacant lots. Some of those vacant lots will support on-site septic and some will not. The debtor intends to offer for sale these lots and will seek bankruptcy court approval of any proposed sales.

II. Efforts to Date

The present board of directors did not have immediate access to all of the books and records of the Debtor-In-Possession at the time of the filing of the bankruptcy case and it has taken longer than anticipated to obtain the information necessary to prepare bankruptcy schedules and prepare the required monthly operating reports. The Debtor-In-Possession has retained Anne Weaver, CPA to assist in the preparation of the required monthly operating reports, the filing of delinquent tax returns and the preparation of current financial statements, income statements and profit and loss statements.

The Debtor-In-Possession has adopted a budget and set dues for fiscal year 2022-2023. The Debtor-In-Possession has sent out billing statements for dues and assessments for the current fiscal year of 2022-2023 and billing statements for the two prior years. Dues are beginning to be collected.

The Debtor-In-Possession filed a Motion To Set Claims Bar Date and the court has set August 1, 2022 as the last day for filing of nongovernmental claims

## II. EFFORTS TO BE UNDERTAKEN MOVING FORWARD

The Debtor-In-Possession is in the process of negotiating a stipulation with The Dime Bank for payments of its secured claims.

The Debtor-In-Possession has finally been able to provide bankruptcy counsel with the information necessary to prepare schedules and the statement of financial affairs. Counsel anticipates filing schedules on or before May 17, 2022.

Also, the Debtor-In-Possession has put in place the documentation necessary to open a operating account and capital account at Wayne Bank under the guidelines prescribed for chapter 11 debtors. These accounts should be open by the close of business on May 17, 2022. The Debtor-In-Possession will be filing objections to several claims filed to date and the Debtor-In-Possession will be filing the delinquent tax returns which should reduce or eliminate any tax and/or penalties due to the IRS or PA Department of Revenue.

## III. SUMMARY

Debtor-In-Possession fully intends to timely file its proposed Subchapter V Plan of Reorganization. However, the debtor may file a motion to proceed as a traditional Chapter 11 debtor and not under Subchapter V. Under either format, The Debtor-In-Possession intends to propose a plan which will pay all allowed administrative, priority and general unsecured claims in full. The plan will be funded from collection of delinquent dues and assessments (previously unbilled) and the sale of vacant lots. If the debtor chooses to proceed as a traditional Chapter 11 debtor, the fees and expenses of the current Subchapter V Trustee will be treated as a allowed administrative claim to the extent approved by the court.

Dated: May 16, 2022                    Respectfully submitted,

                                       /s/ John J. Martin, Esquire
                                       John J. Martin, Esquire
                                       Law Offices of John J. Martin
                                       1022 Court Street
                                       Honesdale, PA  18431
                                       (570) 253-6899
                                       jmartin@martin-law.net
                                       Attorney for the
                                       Debtor-In Possession